IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES E. DUFFY, | : |
| Petitioner, | : |
| v. | : Civil Action No.19-777-RGA |
| TRUMAN MEARS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM OPINION

Charles Duffy. *Pro se* Petitioner.

Carolyn Shelly Hake, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

September 3, 2020

/s/ Richard G. Andrews
ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Charles E. Duffy filed the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") presently pending before the Court. (D.I. 1; D.I. 3) The State filed a Motion for Leave to File a Motion to Dismiss and a Motion to Dismiss the Petition as second or successive or, alternatively, as time-barred. (D.I. 12; D.I. 12-1) For the reasons discussed, the Court will grant both the Motion for Leave to File a Motion to Dismiss and the Motion to Dismiss.

## I. BACKGROUND

In December 1984, Petitioner was charged in a ten-count indictment based in part on the rape of a twenty-six year old woman. *See Duffy v. State*, 536 A.2d 615 (Table), 1987 WL 31556, at *1 (Del. Dec. 21, 1987). On July 8, 1985, pursuant to a plea agreement, Petitioner pled guilty to one count of first degree rape. *Id.* He was sentenced to life imprisonment, with the first twenty years of imprisonment being mandatory. *Id.* Petitioner filed a motion to dismiss his guilty plea, which the Superior Court denied. *See Duffy v. State*, 513 A.2d 1318 (Table), 1986 WL 17363, at *1 (Del. July 31, 1986). The Delaware Supreme Court affirmed that decision. *Id.* at *3.

On August 18, 1986, Petitioner filed in this Court a petition for federal habeas relief, asserting: (1) defense counsel provided ineffective assistance; (2) his guilty plea was involuntary; (3) his conviction was obtained by using a coerced confession; and (4) his conviction was obtained by using evidence that was unlawfully seized. (D.I. 12-1) On February 24, 1987, the United States Magistrate[1] recommended denial of Petitioner's petition because the claims lacked merit. (D.I. 13-12 at 32-36) On March 3, 1987, the Honorable James L. Latchum, United States

---

[1] United States Magistrates later became United States Magistrate Judges.

District Judge, adopted the Report and Recommendation and denied the petition. (D.I. 13-12 at 37) The Third Circuit denied a certificate of probable cause for Petitioner's appeal on April 17, 1987, and later denied Petitioner's petition for rehearing on May 8, 1987.[2] (D.I. 13-12 at 38-39).

Throughout the following years, Petitioner filed numerous unsuccessful postconviction motions in the Delaware state courts. *See, e.g., Duffy v. State*, 53 A.3d 301 (Table), 2012 WL 4019037, at *1 (Del. 2012). Petitioner filed the instant § 2254 Petition in April 2019. Thereafter, the State filed a Motion for Leave to Dismiss, contending that the Petition is successive and untimely (D.I. 12 at 3), while simultaneously filing the actual Motion to Dismiss explaining its arguments more thoroughly (D.I. 12-1). Petitioner filed two Responses opposing the Motion for Leave to Dismiss, which also address the State's argument that the Petition is untimely. (D.I. 16; D.I. 17)

Having reviewed the aforementioned documents, the Court will grant the State's Motion for Leave to File a Motion to Dismiss the Petition. (D.I. 12) In turn, for the reasons set forth below, the Court will also grant the State's Motion to Dismiss. (D.I. 12-1)

---

[2] The Court thanks the State for providing copies of these decisions as part of the state court record. Although the migration to a paperless and electronic federal court filing system has many benefits, one negative aspect is that some paper copies of documents in decades-old cases are no longer retrievable. Unfortunately, Petitioner's 1987 habeas case and appeal documents are not included in the Court's PACER Case Locator system, and the 1987 habeas decision is not reported in Westlaw or Lexis. Moreover, the fact that Petitioner already sought habeas relief is not easily discernible from his filings. The form Petition contains one brief statement that he "appealed his first postconviction motion to the Delaware Supreme Court and the U.S. District Court." (D.I. 1 at 7) However, he does not specifically mention a federal habeas petition, and the remainder of his Petition consistently asserts that he "cannot recall any other procedures he pursued" because of the age of the case. (D.I. 1 at 8) Petitioner also does not address the State's assertion that the Petition is second or successive in his two responses to the State's Motion to Dismiss; instead, he focuses on the State's statute of limitations argument. (D.I. 16 at 19; D.I. 17)

## II. SECOND OR SUCCESSIVE GATEKEEPING DOCTRINE

As a general rule, petitioners must bring their claims in one habeas action. Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

The term "second or successive" is a "term of art," and does not simply refer to all § 2254 applications filed after the first one. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

In this proceeding, Petitioner appears to present the following arguments: (1) his "natural life" sentence is unconstitutional and illegal, and constitutes cruel and unusual punishment (D.I. 3 at 3; D.I. 16 at 12-13); (2) defense counsel provided ineffective assistance during the original criminal proceeding (D.I. 3 at 2; D.I. 16 at 9-11); (3) his guilty plea was coerced and involuntary (D.I. 3 at 3-4; D.I. 16 at 9); (4) he was erroneously informed that he was "being sentenced to a life sentence defined as a fixed 45 years with the first 20 years mandatory, not natural life" (D.I. 1 at 14); and (5) legislation passed by the Delaware General Assembly in 2016 amending 11 Del. Code § 4214, along with the decision *Rauf v. State*, 145 A.3d 430 (Del. 2016), supports his argument that his "natural life sentence" is unconstitutional, and he should be sentenced to time-

3

served.³ (D.I. 3 at 5; D.I. 8 at 2) Petitioner states, "He is not seeking any legal remedies[, but, rather, he] is seeking time-served on his 35 year old case. [He] maintained an exemplary program, disciplinary, work, and institutional record for 30 years and earned numerous good time and good behavior credits pursuant to the prison disciplinary rules." (D.I. 1 at 5, 7, 8, 10) Petitioner asks to have his "natural life parole" terminated. (D.I. 3 at 5)

The instant Petition challenges the same 1985 conviction that Petitioner challenged in his first habeas petition, and the first petition was adjudicated on the merits. The arguments contained in Claims One, Two, Three, and Four of the instant Petition are the same arguments that Petitioner presented in his first habeas proceeding.⁴ Although, at first glance, it would appear that Claim Five could not have been asserted in Petitioner's first petition since it contends that Petitioner should be sentenced to time-served based on a combination of the holding in the Delaware Supreme Court's 2016 decision in *Rauf v. State* and the 2016 amendment to 11 Del. Code § 4214, Claim Five actually contends that Petitioner's life sentence was for a fixed term of forty-five years rather than a sentence for his natural life. This argument is an argument that

---

³"In 2016, the General Assembly amended the State's habitual offender law, 11 Del C. § 4214, granting certain categories of previously-sentenced habitual offenders an opportunity to file a motion for sentence modification." *State v. Wright*, 2019 WL 2453966, at *1 (Del. Super. Ct. June 11, 2019). Pursuant to the amendment – designated as § 4214(f) – "any person sentenced as an habitual criminal prior to [July 19, 2016], shall be eligible to petition the Superior Court for sentence modification after the person has served a sentence of incarceration equal to any applicable mandatory sentence...." 11 Del. Code § 4214(f). "[T]he 2016 amendments were intended to focus upon the minimum mandatory sentences imposed by the habitual offender statute." *Clark v. State*, 184 A.3d 1292 (Table), 2018 WL 1956298, at *3 (Del. Apr. 24, 2018).

⁴In his 1987 petition, Petitioner asserted that "his 1985 guilty plea was not knowing, intelligent and voluntary, and his counsel was ineffective in advising him on the plea, because [] he believed, at the time of his plea, that – if not shortened by the grant of parole – he would be serving only a 45-year sentence rather than a natural life sentence." (D.I. 13-12 at 14)

4

Petitioner could have raised in his first petition. Given these circumstances, the Court concludes that the instant Petition constitutes a second or successive habeas request under 28 U.S.C. § 2244.

Since Petitioner did not obtain the requisite authorization from the Court of Appeals to file this successive habeas request,[5] the Court lacks jurisdiction to consider the Petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will grant the State's Motion to Dismiss the Petition on the ground that it constitutes an unauthorized second or successive petition for habeas relief.

## IV. TIMELINESS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[5]*See* 28 U.S.C. §§ 2244(b)(3); Rule 9, 28 U.S.C. foll. §2254.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

Petitioner does not contend, and the Court does not see, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).[6] Accordingly, the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, on the date on which the time for seeking direct review in state court expires. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, Petitioner was sentenced on September 13, 1985, and he did not file a direct appeal. As such, his judgment of conviction became final on October 14, 1985.[7] However, because Petitioner's conviction became final prior to AEDPA's effective date of April 24, 1996, he benefits from a one-year grace period for timely filing habeas petitions, thereby extending the filing period through April 23 (or possibly April 24), 1997. *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d

---

[6]Although Claim Five mentions § 4214(f), which was added in 2016, the addition of subsection (f) does not constitute a new factual predicate for § 2244(d)(1)(D) purposes; rather, the new subsection granted certain categories of previously-sentenced habitual offenders an opportunity to file a motion for sentence modification. Similarly, the 2016 state court decision mentioned in Claim Five – *Rauf* –does not trigger a later starting date because *Rauf* held that Delaware's capital sentencing statute was unconstitutional, and Petitioner was not sentenced to death.

[7]The actual deadline fell on a weekend. *See* Del. Sup. Ct. R. 11.

Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). As a result, Petitioner had until no later than April 23 or 24, 1997 to timely file a habeas petition.

Petitioner filed the instant Petition on April 24, 2019, approximately twenty-two years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). Here, however, none of the post-conviction motions Petitioner filed after AEDPA's enactment in 1996 statutorily toll the limitations period, because they were filed after the limitations period expired in April, 1997. Thus, the Petition is time-barred, unless equitable tolling is available.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be

7

extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159.

As an initial matter, Petitioner has failed to demonstrate that he has been diligently pursuing his rights. Petitioner filed the instant Petition approximately thirty-two years after the dismissal of his first petition, and approximately twenty-two years after the expiration of the extended limitations period. The length of this delay precludes the application of the equitable tolling doctrine. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005)(holding that a petitioner's delay "for five more months after his PCRA proceedings became final before deciding to seek relief in federal court . . . precludes equity's operation."); *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006)(holding that a delay of over eight months between dismissal of state post-conviction relief action and federal habeas petition was incompatible with a showing of reasonable diligence required for equitable tolling). Relatedly, any mistakes or

8

miscalculations Petitioner may have made regarding the one-year filing period do not trigger equitable tolling. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

Petitioner's attempt to demonstrate that extraordinary circumstances prevented him from timely filing the instant Petition is similarly unavailing. Petitioner asserts that he was unable to file the instant Petition on time,

> because [he] did not know, nor did he possess[,] the necessary legal knowledge at that time to vividly and adequately explain why the Sussex County Superior Court subjected [him] to such discrimination, media humiliation, racial prejudice, and deprived [him] his constitutional rights, due process of law, basic human rights, equal treatment, refuse to correct the legal deficiencies in [his] case, forced [him] to keep his ineffective public defender and lied to [him] that he was being sentenced to a life sentence defined as a fixed 45 years with the first 20 years mandatory not natural life and used the habitual offender law as a scare tactic so [he] could plead guilty. This was done to [him] just because he is an African American man.

(D.I. 1 at 14) However, these "reasons" merely reassert the substantive arguments raised in the Petition, and do not demonstrate why he was unable to file a habeas petition at some point during the past twenty-three years.

Finally, Petitioner's allegation of actual innocence also fails to trigger equitable tolling. In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. However, the *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare," and a petitioner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence,

9

trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Petitioner does not provide any new reliable factual evidence of his actual innocence as required by *Schlup*.

For all these reasons, the Court concludes that the instant Petition is time-barred. Therefore, the Court will also grant the State's Motion to Dismiss the Petition for the additional reason that it is time-barred.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

The Court has concluded that the instant Petition should be dismissed because it is an unauthorized second/successive petition and time-barred. Reasonable jurists would not find these conclusions to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, the Court concludes that it must dismiss Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. An appropriate Order will be entered.